# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | Case No. 2:16-cv-00352-JCM-GWF |
| vs. ) | **ORDER** |
| WILLIAM WALLER, *et al.*, ) | |
| Defendants. ) | |

This matter is before the Court on Defendant William Waller's ("Waller") Motion to Stay (ECF No. 20), filed on November 10, 2016. Defendant Wells Fargo filed an Opposition (ECF No. 22) and the Government filed a Response (ECF No. 23) on November 22, 2016.

The Government brought the instant action against Defendant Waller to reduce federal tax assessments to judgment and to foreclose tax liens on certain real property. *See Amended Complaint* (ECF No. 9). The Government also brought this action against Wells Fargo because Wells Fargo has a competing interest in the subject real property. *Id.* Waller alleges that he is the subject of an on-going criminal investigation and asserts that he cannot proceed in the instant civil action without compromising his Fifth Amendment right against self-incrimination. *Motion to Stay* (ECF No. 20), pg. 1–2. Waller specifically references a subpoena issued to Burbank Holding, LLC ("Burbank") requesting Burbank to testify before a grand jury on March 22, 2016 regarding "All corporate records and books of account relative to the financial transactions of BURBANK HOLDINGS, LLC, WILLIAM WALLER, and/or TERESA BONIFATTO" for the years 2004-2015. *Id.*, at pg. 7. Based on this subpoena, Waller requests that this matter be stayed pending the completion of the criminal investigation. The Government does not oppose a stay. However, Defendant Wells Fargo asserts that

a stay is not warranted because Waller has failed to "meet any of the grounds required to obtain a stay in circumstances of pending criminal litigation." *Opposition* (ECF No. 22), 2:23–24.

"The Constitution does not ordinarily require a stay of civil proceedings pending the outcome of criminal proceedings." *Keating v. Office of Thrift Supervision*, 45 F.3d 322, 324 (9th Cir. 1995). Absent "substantial prejudice" to the parties, parallel civil and criminal proceedings are unobjectionable under Ninth Circuit precedent. *Id.* (quotation omitted). However, it remains in the court's discretion to determine whether to stay a civil case pending the outcome of criminal proceedings. *Id.*

When determining whether to stay a civil proceeding pending a the outcome of a parallel criminal proceeding, the court must consider "the extent to which the defendant's Fifth Amendment rights are implicated." *Id.* (quotation omitted). This decision should be made "in light of the particular circumstances and competing interests involved in the case." *Id.* (quotation omitted). Additionally, the court should consider the following factors: (1) the plaintiff's interest in proceeding expeditiously with the case or any particular aspect of it, and the potential prejudice to the plaintiff of a delay; (2) the burden that any particular aspect of the proceedings may impose on the defendant; (3) the court's convenience in managing its cases and judicial efficiency; (4) non-parties' interests; and (5) the public's interest in the pending civil and criminal proceedings. *Id.* at 324-25.

On balance, the Court finds that a brief stay of the instant civil proceeding is warranted. The Government does not oppose a stay and does not assert that it will be prejudiced by a stay. While Wells Fargo opposes the stay, it does not argue that a stay would prejudice it in any way. In addition, Waller's Fifth Amendment right against self incrimination may be implicated if he is required to respond to the Government's written discovery requests at this time. However, because there has not been a formal indictment brought against Waller, the Court will only impose a six month stay or until criminal charges have been brought, whichever occurs first. If charges are not filed against Waller, the stay will automatically dissolve unless Waller files an additional motion to stay or the parties stipulate to the same. Defendant Waller is cautioned that if, at the end of the six month stay no criminal charges have been brought and he decides to file an additional motion, he must set forth compelling reasons for a stay consistent with the factors discussed above. Accordingly,

**IT IS HEREBY ORDERED** that Defendant William Waller's Motion to Stay (ECF No. 20) is **granted** as follows:

1. This case shall be stayed for six (6) months from the date of this Order or until criminal charges have been brought against Defendant Waller, whichever occurs first. If criminal charges are not brought within that time, the stay will automatically dissolve unless one or all of the parties brings a motion or stipulation to further stay the proceedings.

2. No later than forty-five (45) days after the stay is dissolved, the parties shall file a new case management order resetting the following discovery deadlines:

    a. Expert Disclosures;

    b. Rebuttal Expert Disclosures; and

    c. Discovery Cut-Off.

DATED this 6th day of December, 2016.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge