UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>WILLIAM WALLER,<br><br>　　　　Defendant. | Case No. 2:16-CV-00352-JCM-EJY<br><br>**ORDER** |

　　　　Before the Court is Defendant Waller's Motion to Extend Time for Defendant to Reply to Discovery and to Extend Motion Deadlines by 90 days (ECF No. 64). The Court has considered Defendant's Motion and the Plaintiff's Opposition (ECF No. 65). No reply was timely filed. Also pending before the Court is the United States' Notice of Motion and Motion to Compel Responses to Interrogatories and Request for Production of Documents and for Order Deeming Admitted Requests for Admissions. ECF No. 62. No opposition to Plaintiff's Motion was filed.

　　　　Defendant, who is incarcerated, seeks a 90 day extension of time to respond to Plaintiff's Interrogatories, Requests for Production of Documents, and Requests for Admissions that were first served on Defendant, via mail, on March 2, 2020. On April 16, 2020, the Court granted Defendant's request for a 60 day extension of time within which to respond to these discovery requests. ECF No. 61. The Court ordered that Defendant Waller's responses to the United States' Interrogatories, Request for Admissions, and Request for Production of Documents were due on June 1, 2020. *Id.* On July, 1, 2020, Defendant filed his instant Motion stating that the distance from his home in Las Vegas to his place of incarceration is "hundreds of miles," that he is in possession of none of the documents he must review to respond to Plaintiff's discovery, and that COVID-19 has prevented any visitors to his location thereby preventing receipt of documents he must review. ECF No. 64. Defendant does not state why he waited until 30 days after the expiration of extension previously granted to seek an additional extension.

Fed. R. Civ. P. 33(b)(4) states: "The grounds for objecting to an interrogatory must be stated with specificity. Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure." Fed. R. Civ. P. 34(b)(2) states: "The party to whom the request [for documents] is directed must respond in writing within 30 days after being served or — if the request was delivered under Rule 26(d)(2) — within 30 days after the parties' first Rule 26(f) conference. A shorter or longer time may be stipulated to under Rule 29 or be ordered by the court." Fed. R. Civ. P. 36(a)(3) states: "A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney. A shorter or longer time for responding may be stipulated to under Rule 29 or be ordered by the court." United States District Court for the District of Nevada Local Rule 26-3 states, in pertinent part:

> A motion or stipulation to extend any date set by the discovery plan, scheduling order, or other order must, in addition to satisfying the requirements of LR IA 6-1, be supported by a showing of good cause for the extension. A motion or stipulation to extend a deadline set forth in a discovery plan must be received by the court no later than 21 days before the expiration of the subject deadline. A request made within 21 days of the subject deadline must be supported by a showing of good cause. A request made after the expiration of the subject deadline will not be granted unless the movant also demonstrates that the failure to act was the result of excusable neglect.

Defendant offers no reason for his failure to move for an extension of time before the expiration of the deadline to respond to Plaintiff's discovery requests and, therefore, clearly fails to demonstrate excusable neglect for failing to do so. Defendant also does not state why he did not seek an extension of time to respond to the discovery requests by contacting Plaintiff before the expiration of the due date for such responses. And, Defendant failed to timely object to the discovery requests propounded by Plaintiff. Given these facts, at a minimum, Defendant has waived any and all objections to Plaintiff's Interrogatories, Request for Documents, and Request for Admissions. However, the Court recognizes that Defendant may be hampered in his ability to review records necessary to respond to Plaintiff's discovery requests by virtue of COVID-19 and the lockdown at his incarceration facility.

Therefore, and based on the foregoing, the Court will grant Defendant one last extension of time within which to respond to Plaintiff's discovery requests. To the extent Defendant needs to review documents in order to do so, he must seek to obtain such documents in whatever manner he can such as by mail or courier. In any event, it is Defendant who must use best efforts to obtain what he needs to respond. No further extensions of time will be granted to Defendant to allow him to respond to Plaintiff's discovery requests that have been pending since March 2020.

Accordingly,

IT IS HEREBY ORDERED that Defendant's Motion to Extend Time for Defendant to Reply to Discovery and to Extend Motion Deadlines by 90 Days (ECF No. 64) is GRANTED in part and DENIED in part.

IT IS FURTHER ORDERED that Defendant shall have through September 9, 2020 to respond to Plaintiff's discovery requests. Defendant must place his discovery responses in the mail no later than that date.

IT IS FURTHER ORDERED that no further extensions of time will be granted by the Court for purposes of allowing Defendant to respond to the discovery propounded by Plaintiff in March 2020.

IT IS FURTHER ORDERED that Defendant has waived any and all objections to Plaintiff's Interrogatories, Document Requests, and Requests for Admissions.

IT IS FURTHER ORDERED that the discovery period is extended to September 9, 2020 solely to allow Defendant to respond to the presently pending discovery. All other discovery must be propounded so that it is timely completed no later than August 24, 2020, as stated in the Court's April 16, 2020 order (ECF No. 61). This includes oral, written, and third party discovery.

IT IS FURTHER ORDERED that the dispositive motion deadline is extended to October 13, 2020.

IT IS FURTHER ORDERED that the Joint Pretrial Order shall be due November 13, 2020; provided, however, that if one or more dispositive motion is filed, the due date for the Joint Pretrial Order is extended to 60 days after the Court issues its orders on such motions.

IT IS FURTHER ORDERED that no interim status report need be filed by the parties.

IT IS FURTHER ORDERED that Defendant's Motion seeking an extension of time to designate experts is DENIED.

IT IS FURTHER ORDERED that to the extent not expressly stated herein, Defendant's Motion is DENIED.

IT IS FURTHER ORDERED that, based on the foregoing, Plaintiff's Motion to Compel (ECF No. 62) is GRANTED in Part and DENIED in Part.

IT IS FURTHER ORDERED that Defendant is compelled to respond, without objection as all objections are waived, to all of Plaintiff's discovery requests no later than September 9, 2020.

IT IS FURTHER ORDERED that Defendant is hereby advised that failure to respond to Plaintiff's discovery requests by September 9, 2020 shall result in an order of the Court that all requests for admissions are deemed admitted. Defendant is further advised that additional sanctions may issue up to and including that Defendant is prohibited from challenging the presumption of correctness afforded the Certificates of Assessments and Payments with respect to his income tax liabilities for the years 2003 through 2009.

Dated this 22nd day of July, 2020

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE