UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>WILLIAM WALLER, et al.,<br><br>　　　　Defendants. | Case No. 2:16-CV-00352-JCM-EJY<br><br>**ORDER** |

Before the Court is the United States' Renewed Motion to Compel (ECF No. 69) to which no response was filed.

In its Renewed Motion, the United States correctly points out that the Court issued a prior order on July 22, 2020 (ECF No. 66) that granted, in part, Defendant Waller's Motion to Extend Time. The Court's Order provided Defendant 90 additional days, through September 9, 2020, to respond to the United States' discovery requests. *Id*. at 3. The Court further ordered, in pertinent part, that no further extensions of time would be granted, that Defendant had waived all objections to the United States' interrogatories, document requests, and requests for admissions, and Defendant's failure to respond to discovery by September 9, 2020, which discovery was originally propounded on March 2, 2020, would result in an order of the Court that all requests for admissions would be deemed admitted, and that additional sanctions might issue. *Id*. at 3-4.

The pending Renewed Motion establishes that Defendant failed to respond to the outstanding discovery on or before September 9, 2020. ECF No. 69 at 3 citing the Declaration of Alexander Stevko (ECF No. 69-1). The United States now seeks an order specifically deeming all requests for admissions admitted and prohibiting Defendant from challenging the presumption of correctness afforded the Certificates of Assessment and Payments (IRS forms 4340) with respect to income tax liabilities for the years 2003 through 2009. The United States also seeks an award of attorney's fees and costs.

Having provided Defendant approximately six months to respond to discovery, the Court finds it appropriate to issue sanctions at this time. Rule 36(a)(3) of the Federal Rules of Civil Procedure authorizes the Court to deem admitted all requests for admissions to which Defendant failed to respond within 30 days of service. Rule 37(b) and (c) of the Federal Rules of Civil Procedure authorizes the Court to issue sanctions based on Defendant's failure to obey the Court's prior Order and failure to respond to properly propounded interrogatories and document requests.

Accordingly,

IT IS HEREBY ORDERED that the United States' Renewed Motion to Compel (ECF No. 69) is GRANTED.

IT IS FURTHER ORDERED that Defendant is deemed to have admitted each and every Request for Admission propounded on March 2, 2020, by the United States on Defendant.

IT IS FURTHER ORDERED that Defendant is prohibited from challenging the presumption of correctness afforded the Certificates of Assessment and Payments (IRS forms 4340) with respect to income tax liabilities for the years 2003 through 2009.

IT IS FURTHER ORDERED that Defendant shall be required to pay reasonable fees and costs incurred by the United States for bringing its first Motion to Compel (ECF No. 62) and its Renewed Motion to Compel (ECF No. 69).

IT IS FURTHER ORDERED that the United States shall submit a memorandum of fees and costs incurred in bringing the Motion to Compel and Renewed Motion to Compel detailing the activities, hours spent (in tenths of hours), and the rate charged by each attorney who worked on these Motions. Appropriate redactions from billing records for attorney client privilege and/or work product may be made for the public filing with non-redacted copies of such records filed under seal. The United States shall also submit to the Court records evidencing the costs incurred relating to the Motions. Defendant shall have 14 days to file a response, if any is desired. No reply shall be permitted by the United States.

Dated this 20th day of October, 2020

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE